**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Manuel REYES–RODRIGUEZ,
Defendant–Appellant.**

**Nos. 04–40570, 04–40572.
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 9, 2005.

Mitchel Neurock, U.S. Attorney's Office Southern District of Texas, Laredo, TX, for Plaintiff–Appellee.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

In this consolidated appeal, Manuel Reyes–Rodriguez appeals only from his guilty-plea conviction for illegal reentry following deportation (No. 04–40572); Reyes–Rodriguez voluntarily abandons any challenge with respect to the revocation of his supervised release relating to

his prior illegal reentry conviction (No. 04–40570).

For the first time on appeal, Reyes–Rodriguez contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Reyes–Rodriguez acknowledges that this argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review. *See Almendarez–Torres v. United States*, 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

He also argues that, in light of *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court plainly erred in sentencing him under a mandatory guidelines system. After *Booker*, it is clear that application of the federal sentencing guidelines in their mandatory form constitutes error that is plain. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732–33 (5th Cir.2005). Reyes–Rodriguez's contention that this error is structural and gives rise to a presumption of prejudice is unavailing. *See United States v. Malveaux*, 411 F.3d 558, 559–60 n. 9 (5th Cir.2005). Reyes–Rodriguez must show that the error affected his substantial rights, and he has not done so. *See Valenzuela–Quevedo*, 407 F.3d at 733–34. The judgment of the district court is therefore AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.